UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALEXIS PENNINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:24-cv-350 |
| | ) |
| OPTIMAL ELECTRIC VEHICLES, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Alexis Penninger ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Optimal Electric Vehicles, LLC ("Defendant"), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

**PARTIES**

2. Plaintiff has resided within the Northern District of Indiana at all relevant times.

3. Defendant is a foreign limited liability company doing business within the Northern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 2000e-5(f)(3).

5. Penninger was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Penninger satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity

Commission. The EEOC issued a right-to-sue notice to Penninger. She now timely files her lawsuit.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Defendant hired Penninger on or about May 1, 2023 to work on Defendant's assembly line building electric vehicles.

10. At all times relevant, Penninger met or exceeded Defendant's legitimate performance expectations.

11. From the very beginning of Penninger's employment, Omar Espada, Defendant's Assistant Plant Manager, treated similarly-situated male employees more favorably, creating a hostile work environment based on sex.

12. Whenever Espada saw Penninger performing a job that he considered "man's work," he would tell Penninger to stop and direct her to clean trash cans or wipe down chassis, i.e. what Espada believed to be "women's work."

13. In discussions with Mike Hartman, Penninger's Group Lead, Hartman told Penninger that all Espada wanted her (and other women) to do was to clean. Hartman also indicated that he believed Espada to be sexist.

14. In one incident, Espada told Penninger, "I don't know why you're doing that. You'll never be able to learn electrical." In context, Espada's statement implied that Penninger was incapable of learning electric because she was a woman.

15. In approximately June 2023, Espada wrote Penninger up for using a vape pen outside the back of Defendant's building. In contrast, Espada allows males to freely smoke cigarettes in the same location without discipline.

16. Other female employees have also incurred Espada's sexism. Former co-worker Angela Bell informed Penninger of an instance where Espada told Bell that "that's not a woman's job," and instead making her clean.

17. On August 31, 2023, both Penninger and Bell complained to Debbie Minard, Human Resources, regarding Espada's sexist treatment. More specifically, Penninger and Bell complained that Espada made them do "women's work" because he is sexist and would not allow them to learn new processes that men were allowed to do. Additionally, they complained that they did not feel comfortable around Espada due to his sexually hostile attitude. Rather than take their complaints seriously, Minard stated that "there has always been a great divide" between the men and the women at Defendant.

18. Ultimately, Minard terminated both Pennigner's and Bell's employment on September 8, 2023. When pressed for a reason, Minard did not have one, stating only that she had "the legal right."

19. Defendant's actions have violated Penninger's rights as protected by Title VII of the Civil Rights Act of 1964.

20. Penninger has suffered and continues to suffer damages because of Defendant's unlawful actions.

## COUNT I

## TITLE VII – SEX DISCRIMINATION

21. Penninger hereby incorporates paragraphs 1-20 of her Complaint.

22. Defendant took adverse employment actions against Penninger because of her sex.

23. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Penninger's rights protected by Title VII.

## COUNT II

## TITLE VII – RETALIATION

24. Penninger hereby incorporates paragraphs 1-23 of her Complaint.

25. Penninger engaged in statutorily-protected activities.

26. Defendant took adverse employment actions against Penninger because of her statutorily-protected conduct.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Penninger's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Alexis Penninger respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Penninger;

2. Reinstate Penninger to her former position or pay front pay in lieu thereof;

3. Defendant pay compensatory damages to Penninger;

4. Defendant pay punitive damages to Penninger;

5. Defendant pay pre- and post-judgment interest to Penninger;

6. Defendant pays Penninger's attorneys' fees and costs incurred in this action; and

7. Any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin

*s/ Craig M. Williams*
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cwilliams@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Alexis Penninger, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin

*s/ Craig M. Williams*
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cwilliams@jhaskinlaw.com